# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHANIEL LYNN GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-20-1

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nathaniel Lynn Guerra, federal prisoner # 83596-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his sentence for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine based on Amendment 782 to the Sentencing Guidelines. By moving to proceed IFP, Guerra is challenging the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50554

court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In this court, Guerra argues that the district court abused its discretion in denying his motion for a sentence reduction. He contends that he was eligible for a sentence reduction under Amendment 782 and that the district court failed to consider the 18 U.S.C. § 3553(a) factors, as well as the length of time he has served and his postsentencing conduct, including his completion of educational courses. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

In its order denying relief, the district court implicitly determined that Guerra was eligible for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). However, the district court denied his motion as a matter of discretion because it had granted a downward departure when Guerra was originally sentenced, Guerra's original sentence was within the amended guidelines range, and Guerra had a significant criminal history. Because the district court gave due consideration to Guerra's motion and the § 3553(a) factors, Guerra has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See Henderson*, 636 F.3d at 717.

This appeal does not present a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Guerra's motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.